```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

RICKY JOSEPH FRITCHMAN,          :     CIVIL ACTION
                                 :
            Petitioner,           :    NO. 05-1674
                                 :
      v.                          :
                                 :
LOUIS S. FOLINA, ET AL.,          :
                                 :
            Respondents.          :

**O R D E R**

**AND NOW**, this **8th** day of **March, 2006**, upon consideration of the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi (doc. no. 9), it is hereby **ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED** in part.[1]

---

[1]  The Report and Recommendation is approved and adopted to the extent that it concludes that the petition is a second or successive petition under 28 U.S.C. § 2244.  The Report and Recommendation is further approved and adopted to the extent that it concludes that the district court does not have jurisdiction to consider the merits of the petition because of the failure of petitioner to comply with the AEDPA procedural requirements applicable to second or successive petitions.  See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Felker v. Turpin, 518 U.S. 651, 657 (1996).

The Court also adds that petitioner has failed to satisfy the substantive standard for second or successive petitions, which requires dismissal except in limited circumstances.  See 28 U.S.C. § 2244(b)(2).  None of the grounds for consideration of a second or successive habeas petition are present here.

The Third Circuit has held that "[u]nless both the

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (doc. nos. 1 & 3), is **DENIED** and **DISMISSED**.

**AND IT IS SO ORDERED.**

       S/Eduardo C. Robreno
       **EDUARDO C. ROBRENO, J.**

---

procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the petition." Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005). In the instant case, neither the procedural or substantive requirements for a second or successive petition are satisfied. Accordingly, the Court will not consider the merits of the petition.

      The Report and Recommendation, however, is not approved and adopted to the extent that it recommends that the petition is transferred to the Court of Appeals for the Third Circuit. The Court, instead, orders dismissal of the petition. Under 28 U.S.C. § 2244(b)(1), second or successive habeas petitions shall be dismissed. See Tyler v. Cain, 533 U.S. 656, 661 (2001) ("If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases."). To the extent that 28 U.S.C. § 1631 and Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), give the Court the option to transfer the petition to the Third Circuit "in the interest of justice," 28 U.S.C. § 1631, the Court declines to do so under the circumstances of this case and in light of the plain language of the later-enacted and specific § 2244 and Supreme Court precedent counseling dismissal.